IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | CV 11-0894-PHX-DGC (ECV) |
| Plaintiff/Respondent, | ) ) | CR 05-0683-PHX-DGC |
| vs. | ) ) | **REPORT AND RECOMMENDATION** |
| Lorenzo Elizondo, | ) ) ) | |
| Defendant/Movant. | ) ) ) | |
| | ) | |

TO THE HONORABLE DAVID G. CAMPBELL, UNITED STATES DISTRICT JUDGE:

Pending before the court is Movant's *pro se* Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255.  (Doc. 1).[1]

## BACKGROUND

On December 19, 2005, Movant pleaded guilty to one count of Felon in Possession of Explosive Material, a Class C Felony, in violation of 18 U.S.C. §§ 842(i)(1) and 844(a)(1). (Doc. 36 of CR 05-683-PHX-DGC).  The District Court imposed a sentence of probation for 48 months.  (Id.).  On September 20, 2007, Movant's probation was revoked and the Court imposed a sentence of 18 months in prison followed by three years of supervised release.

---

[1] Unless otherwise indicated, the cited docket numbers refer to the civil case that was opened upon the filing of the motion to vacate.

(Doc. 50 of CR 05-683-PHX-DGC). In December 2009, a petition to revoke Movant's supervised release was filed against him based on a conviction for aggravated robbery in Maricopa County Superior Court, among other violations. (Doc. 53 of CR 05-683-PHX-DGC). On April 8, 2010, the District Court revoked Movant's supervised release and imposed a sentence of 24 months, to be served consecutively to the Maricpa County sentence. (Doc. 65 of CR 05-683-PHX-DGC). At the disposition hearing, the Court informed Movant of his right to file a notice of appeal within 14 days. (Doc. 72 at 11 of CR 05-683-PHX-DGC). The criminal case docket, however, reflects that no notice of appeal was filed.

On May 2, 2011, Movant filed his Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. (Doc. 1).[2] The District Court issued a screening order on June 22, 2011, in which it dismissed all of the claims in the motion to vacate except Movant's claim that his attorney failed to file a notice of appeal despite his request that she do so. (Doc. 3 at 2). Respondent filed a Response in Opposition to Motion to Vacate, Set Aside or Correct the Sentence on August 11, 2011. (Doc. 4). Movant has not filed a reply.

## DISCUSSION

Respondent contends in its response in opposition that the petition is untimely and must therefore be denied. Respondent argues that Movant filed his petition more than one year after the judgment of conviction became final. Alternatively, Respondent contends that Movant's claim is without merit because, as demonstrated by an affidavit from Movant's counsel, Movant never requested that she file a notice of appeal.

---

[2] Even though the filing date stamped on the petition is May 4, 2011, under the prison mailbox rule a petition is deemed filed on the date the petition is delivered to prison authorities for mailing. See Jenkins v. Johnson, 330 F.3d 1146, 1149 n.2 (9th Cir. 2003). Movant's sworn declaration at the end of his motion asserts that he placed the motion in the prison mailing system on May 2, 2011. (Doc. 1 at 10). The motion is therefore deemed filed on that date.

A federal prisoner's petition for relief under § 2255 is subject to a one year statute of limitations that generally runs from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255. The conviction becomes final for purposes of § 2255 upon the expiration of the time to seek direct review. United States v. Schwartz, 274 F.3d 1220, 1223 (9th Cir. 2001).

Here, the District Court's order revoking Movant's supervised release and sentencing him to prison was filed on April 8, 2010. Movant's conviction became "final" 14 days later on April 22, 2010, when the time expired to seek direct review of the Court's order. The statute of limitations then ran for one year from April 23, 2010 to April 22, 2011. Movant's motion to vacate was filed on May 2, 2011, ten days after the statute of limitations expired. As a result, the motion is untimely and is barred by the statute of limitations.

Having failed to file a reply, Movant has not argued equitable tolling or any other basis to excuse the untimely motion. Moreover, a section of the motion to vacate itself provided Movant with an opportunity to explain why the statute of limitations does not bar the motion where the conviction became final more than a year before the motion was filed. Movant left that section blank, thus offering no explanation. The court will therefore recommend that the motion to vacate be denied.

**IT IS THEREFORE RECOMMENDED:**

That Movant's Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 (Doc.1) be **DENEID**; and

That a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED** because the dismissal of the motion to vacate is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have 14 days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. See, 28 U.S.C. § 636(b)(1); Fed. R.

Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have 14 days within which to file a response to the objections. Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgement entered pursuant to the Magistrate Judge's recommendation. See Fed. R. Civ. P. 72.

DATED this 20th day of December, 2011.


Edward C. Voss
United States Magistrate Judge